UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT E. MOLL,

              Plaintiff,

   v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
DOMESTIC SAVINGS BANK, CREDIT
NORTHEAST, COUNTRYWIDE HOME
LOAN SERVICING, BANK OF AMERICA,
N.A., BANK OF AMERICA SERVICING
CORP., and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

              Defendants.

## CA11- 0045

Civil Action No. _____

## NOTICE OF REMOVAL

Defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC") (incorrectly named as "Bank of America Servicing Corp."), and Countrywide Home Loans Servicing, LP ("Countrywide") (incorrectly named as "Countrywide Home Loan Servicing") (collectively, "Defendants") hereby remove the above-captioned action, Case No. 10-6978, currently pending in the Superior Court for Providence County, Rhode Island, to the United States District Court for the District of Rhode Island. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction), and is authorized by 28 U.S.C. §§ 1441 and 1446.

As grounds for removal, Defendants state as follows:

## BACKGROUND

1.      Upon information and belief, on or about November 29, 2010, Plaintiff Robert E. Moll ("Plaintiff") filed a "Verified Complaint for Declaratory Judgment and Injunctive Relief Pursuant To The Provisions of 9-30-1 et seq of The General Laws Of The State Of Rhode

Island" ("Complaint") with the Clerk of the Superior Court for Providence County, Rhode Island (the "State Court Action"). The State Court Action was assigned Case No. 10-6978.

2.      Along with Bank of America, BAC, and Countrywide, the Complaint names Mortgage Electronic Registration Systems, Inc. ("MERS") (named as "Mortgage Electronic Registration Services, Inc."), Domestic Savings Bank ("Domestic"), Credit Northeast, Inc. ("Credit Northeast") and Federal National Mortgage Association ("FNMA") as defendants. See Compl. at pg. 1.

3.      The Complaint purports to assert claims for a declaratory judgment, for quieting of title, for negligent misrepresentation, for negligence, and for a temporary restraining order and permanent injunction. The Complaint seeks declaratory and injunctive relief, as well as damages. Plaintiff's claims arise out of the defendants' alleged involvement with the assignment, foreclosure, and proposed short sale concerning a mortgage loan made to Plaintiff in 2008. See Compl. ¶¶ 101-142.

## STATUTORY REQUIREMENTS – DIVERSITY REMOVAL

4.      Removal of this case is proper pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the properly named parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332.

5.      Citizenship of Parties. The properly named parties are of completely diverse citizenships.

2

6.     Plaintiff is a citizen of the state of Rhode Island.  Compl. ¶ 1 (alleging that Plaintiff is a Rhode Island resident).

7.     None of the properly named defendants is a citizen of Rhode Island.

a.     Upon information and belief, MERS is a Delaware corporation with its principal place of business in Virginia.

b.     Bank of America is a national association whose articles of association designate its main office in North Carolina.  Bank of America is therefore a citizen of North Carolina for purposes of diversity jurisdiction. 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 318, 126 S. Ct. 941, 952 (2006) (ruling that a national banking association is a citizen of the state designated in its articles of association as its main office).

c.     In assessing diversity of citizenship for a limited partnership like BAC, the citizenship of the partnership's individual partners controls. Anchorage-Hynning & Co. v. Moringiello, 697 F.2d 356, 357 n.1 (D.C. Cir. 1983) ("For diversity purposes, the citizenship of a limited partnership . . . stands or falls on the citizenship of its individual partners."); see also Johnson-Brown v. 2200 M St. L.L.C., 257 F. Supp. 2d 175, 178 (D.D.C. 2003).  BAC's only individual partners are BAC GP, LLC, and BANA LP, LLC, which are both limited liability corporations organized under the laws of Nevada.  The citizenship of a limited liability corporation is determined by the citizenship of its members/owners. See Breakman v. AOL LLC, 545 F. Supp. 2d 96, 102 (D.D.C. 2008); Ulliman Schutte Constr., LLC v. Emerson Process Mgmt. Power & Water Solutions, No. Civ.A. 02-1987(RMC), 2006 WL 1102838, at *5 (D.D.C. Mar. 31, 2006).  Both BAC GP, LLC, and BANA LP, LLC, are wholly owned by, and their sole member is, Bank of America, N.A., a national banking association whose articles of association designate North Carolina as the location of its main office.  Thus, Bank of America, N.A.—and,

consequently, BAC—is a citizen of North Carolina for diversity purposes. See Wachovia Bank, 546 U.S. at 318.

        d.      Effective April 27, 2009, Countrywide Home Loans Servicing, LP changed its name to BAC Home Loans Servicing, LP.  The citizenship of a defendant for purposes of diversity of citizenship is determined at the time the suit is initiated.  Garcia Perez v. Santaella, 364 F.3d 348, 350-51 (1st Cir. 2004) ("The key point of inquiry is whether diversity of citizenship existed at the time the suit was filed.").  This suit was initiated on November 29, 2010.  Thus, as of the time of the filing of this suit, Countrywide is a citizen of North Carolina for diversity purposes, for the same reasons as set forth above in paragraph ¶ 7(c).

        e.      FNMA is "deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation."  12 U.S.C. § 1717(a)(2)(B).

        f.      Although Plaintiff asserts that Credit Northeast is a Rhode Island corporation, Compl. ¶ 4, upon information and belief, Defendants submit that Credit Northeast is actually a Massachusetts corporation with its principal place of business in Massachusetts.  See **Exhibit A**, State of Rhode Island and Providence Plantations Office of the Secretary of State, Credit Northeast Corporate Information Summary, at 1.

    8.      Domestic is alleged to be a federal savings bank with an address in Rhode Island. Compl. ¶ 3.  The citizenship of named Domestic should be disregarded because it was fraudulently joined as defendants.  "A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship."  Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).  Fraudulent joinder does not require bad faith intent; joinder is fraudulent if no reasonable basis exists in fact or law for imposing liability against a defendant; a "mere theoretical possibility of recovery" is not enough.  Arriaga

v. New England Gas Co., 483 F. Supp. 2d 177, 183 (D.R.I. 2007) (citations omitted).

        a.      The allegations in the lawsuit focus almost exclusively on MERS, Bank of America, BAC, and FNMA. In seeking to quiet title, Plaintiff alleges that "MERS or its successors claim to have the right to foreclose on the property," and that "[Bank of America], BAC, and or FNMA all claim to have a right in the title to the property." Compl. ¶¶ 106, 108. Plaintiff alleges that "MERS, BAC, [Bank of America], and FNMA intentionally misled Moll as to the identify of the foreclosing entity." Id. ¶ 113. Plaintiff alleges that Bank of America, BAC, and FNMA breached their duties to him in evaluating an application for short sale. Id. ¶¶ 129-132. Plaintiff also seeks declaratory and injunctive relief with respect to the parties who allegedly commenced foreclosure proceedings—Bank of America, BAC, MERS, and FNMA. Id. ¶¶ 87-91.

        b.      By contrast, the Complaint contains only a few passing references to Domestic. Domestic was the original lender, and Plaintiff made one payment to Domestic before the loan was assigned to Countrywide. Id. ¶¶ 13-14. Plaintiff recognizes that MERS served as nominee for Domestic, id. ¶ 58, and asserts that Domestic "was the only party" to the mortgage. Plaintiff does not legitimately allege any act or omission by Domestic that would provide a basis for the relief sought.[1]

        c.      In sum, the Complaint patently fails to assert any reasonable basis in law or fact for a claim against Domestic, and as such, it is fraudulently joined and not properly considered in determining diversity of citizenship.

---

[1]     Although Plaintiff states a conclusory allegation that Domestic had some undefined duty "in obtaining and communicating information," and that Domestic executed an assignment to MERS, Compl. ¶¶ 118-119, these allegations provide no basis for liability. As Plaintiff recognizes, id. ¶ 58, and as the Mortgage (attached hereto as **Exhibit B**) clearly states, MERS was named as nominee for Domestic (and its successors and assigns) in the original mortgage instrument; there is no factual basis for Plaintiff's allegation of an assignment from Domestic to MERS, and Plaintiff does not articulate a cognizable duty that Domestic owed to him.

9.  <u>Amount in Controversy</u>.  The amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332(a).  Although Defendants deny that Plaintiff is entitled to recover any amount, and specifically deny that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000, exclusive of interests and costs.  The Complaint concerns a mortgage loan that Domestic made to Plaintiff in February 2008 in the amount of $399,200. Compl. ¶ 13.  The current principal balance of the loan is $393,317.03.  Declaration of Kristen Kesselman ¶ 3 (attached hereto as **Exhibit C**).  In addition to damages, Plaintiff seeks a declaratory judgment that he "owns the property as a matter of law" and an order quieting title to the property to Plaintiff in fee simple.  Compl. ¶¶ 103(b), 109(d).  Plaintiff also seeks permanent injunctive relief preventing Defendants from foreclosing on their mortgage loan  <u>Id.</u> at ¶¶ 134-42.  "It is well-settled that in an action for declaratory or injunctive relief 'the amount in controversy is measured by the value of the object of the litigation.'"  <u>Grotzke</u> v. <u>Kurz</u>, 887 F. Supp. 53, 55 (D.R.I. 1995) (quoting <u>Hunt</u> v. <u>Wash. Apple Adver. Comm'n</u>, 432 U.S. 333, 347 (1977)).  Because the object of Plaintiff's litigation is to void the over $393,000 remaining to be paid on his mortgage loan, the amount in controversy exceeds $75,000, exclusive of interests and costs.  <u>See</u> <u>Grotzke</u>, 887 F. Supp. at 55.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

10.  <u>Removal to Proper Court</u>.  This Court is part of the "district and division" embracing the place where this action was filed—Providence, Providence County, Rhode Island. <u>See</u> 28 U.S.C. § 1446(a).

11.  <u>Removal is Timely</u>.  Defendants are entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief on which the action is based, or within 30 days after

service of the summons. 28 U.S.C. § 1446(b). The Complaint in the State Court Action was

served on Bank of America, N.A. on December 6, 2010. Therefore, this Notice of Removal is

timely because it is being filed with the United States District Court for the District of Rhode

Island within 30 days after the receipt of the Complaint. See id.

   12. <u>Pleadings and Process</u>. Attached hereto as **Exhibit D** is a copy of all process,

pleadings, and orders received by Defendants in the State Court Action. See 28 U.S.C.

§ 1446(a). Pursuant to Local Rule of Civil Procedure 81(b), Defendants will file certified or

attested copies of all records, proceedings, and docket entries in the state court within 14 days of

the filing of this Notice. Defendants have paid the appropriate filing fee to the Clerk of this

Court upon the filing of this Notice.

   13. <u>Notice</u>. Attached hereto as **Exhibit E** is a copy of a Notice of Removal to All

Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk

of the Superior Court for Providence County, Rhode Island. See 28 U.S.C. §§ 1446(a), (d).

Defendants will also file with the Clerk of the Superior Court for Providence County, Rhode

Island, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the

Notice of Filing of Notice of Removal is attached hereto as **Exhibit F**. Defendants will also

promptly serve upon Plaintiff's counsel and file with the Clerk of the Superior Court for

Providence County, Rhode Island a copy of this Notice of Removal. See Local Rule of Civil

Procedure 81(a).

   14. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See

28 U.S.C. § 1446(a).

   15. <u>Consent to Removal</u>. Consent is also not required as to defendants not yet served.

Esposito v. Home Depot, U.S.A., Inc., 436 F. Supp. 2d 343, 345 n.3 (D.R.I. 2006)

("[D]efendants who have not yet been served with process at the time of the removal petition

need not join."). It is unknown whether MERS, FNMA, or Credit Northeast have been served.

The Clerk's Office of the Superior Court for Providence County informed counsel for

Defendants that no proofs of service have been filed on the docket of the State Court Action.

Nonetheless, MERS, FNMA, and Credit Northeast have informed counsel for Defendants that

MERS, FNMA, and Credit Northeast consent to the removal of this action.

16. Further, consent is not required as to the fraudulently-joined defendant Domestic.

"When a plaintiff fraudulently joins a defendant to destroy removability, a federal court may

ignore the lack of consent from that defendant and permit the removal of the case." In re Pharm.

Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 117 (D. Mass. 2006).

17. Bond and Verification. Pursuant to Section 1016 of the Judicial Improvements

and Access to Justice Act of 1988, no bond is required in connection with this Notice of

Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

18. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to

28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and

1446.

WHEREFORE, this action should proceed in the United States District Court for the District of Rhode Island, as an action properly removed thereto.

Respectfully submitted,

BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, and COUNTRYWIDE HOME LOANS SERVICING, LP

By their attorney,

John B. Daukas (# 5437)
GOODWIN PROCTER LLP
EXCHANGE PLACE
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231
jdaukas@goodwinprocter.com

Dated: January 5, 2011

## CERTIFICATE OF SERVICE

I, John B. Daukas, hereby certify that on January 5, 2011, a true copy of the foregoing document was served by U.S. First Class Mail upon all other counsel of record in this action.

John B. Daukas

9