RECEIVED
DEC 14 '10
PL - LOPD

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

__X__ *Providence County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

____ *Kent County*
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

____ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

____ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. 10-6978

Robert E. Moll

**Plaintiff**

Mortgage Electronic Registration System, Inc.; Domestic Savings Bank; Credit Northeast; Countrywide Home Loans Servicing; Bank of America, NA; Bank of America Servicing Corp.; Federal National Mortgage Association

**Defendant**

## *Summons*

Bank of America Servicing Corp., Inc.

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon George E. Babcock, Esq. Plaintiff's attorney, whose address is 23 Acorn Street, Ste. 202 Providence, RI 02903-1066 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

*[signature]*
_____
CLERK

LEGAL DEPARTMENT
RECEIVED
DEC 16 2010
SAN FRANCISCO
B OF AMERICA, N.A.

Dated: November 30, 2010

(Seal of the Superior Court)

S-135 (REV 02/07)

PL LoP

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

__x__ *Providence County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

____ *Kent County*
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

____ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

____ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. 10-6978

Robert E. Moll
Mortgage Electronic **Plaintiff**
Registration System, Inc.; Domestic
Savings Bank; Credit NOrtheast;
Countrywide Home Loan Servicing;
Bank of America, NA; **Defendant**
Bank of America Servicing Corp.;
Federal National Mortgage Assoc.

## *Summons*

Bank of America, NA

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ..George E. Babcock, Esq..........

Plaintiff's attorney, whose address is ..23 Acorn Street, Ste. 202..........
..........Providence, RI 02903-1066..........
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

*[signature]*

CLERK

Dated: ..November 30, 2010..........

(Seal of the Superior Court)

S-135 (REV 02/07)

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br>**PROVIDENCE, SC.** | **SUPERIOR COURT** |
| **ROBERT E. MOLL** | |
| VS. | CA NO. 10- 6978 |
| **MORTGAGE ELECTRONIC**<br>**REGISTRATION SERVICES,**<br>**INC., ("MERS"), DOMESTIC**<br>**SAVINGS BANK, a Rhode Island**<br>**Corporation, CREDIT NORTHEAST,**<br>**A Rhode Island Corporation, COUNTRY-**<br>**WIDE HOME LOAN SERVICING,**<br>**BANK OF AMERCIA, NA, BANK OF**<br>**AMERCIA SERVICING CORP-**<br>**ORATION, INC., FEDERAL**<br>**NATIONAL MORTGAGE ASSOCI-**<br>**ATION, BANK OF AMERICA, NA** | |

## VERIFIED COMPLAINT FOR DECLATORY JUDGMENT AND INJUNCTIVE RELIEF PURSUANT TO THE PROVISIONS OF §9-30-1. et. seq. of THE GENERAL LAWS OF THE STATE OF RHODE ISLAND

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable Superior Court.**

### The Parties

1. Robert E. Moll, ("Moll") is a resident of the City of Cranston, County of Providence, State of Rhode Island. The subject property is located at 70 Surrey Drive, Cranston, RI 02920. (the "Property") The mailing address for this property is 13 Penny Lane, Cranston, RI

2. Mortgage Electronic Registration Systems, Inc..("MERS") has a mailing address of 1595 Spring Hill Road, Suite 310, Vienna, VA. MERS was allegedly the mortgagee in the mortgage to Domestic.

3. Domestic Bank ("Domestic") is a Federal Savings Bank with an address in the City of Cranston, County of Providence, State of Rhode Island. It was the Lender in the mortgage to Moll.

4. Credit Northeast, Inc., ("Northeast") is a Rhode Island Corporation with the same address as Domestic.

5. BAC Home Loan Servicing, LP ("BAC") is a wholly owned subsidiary of Bank of America, NA ("BOA") and has a mailing address of 7105 Corporate Drive, Plano, TX 75024 and is the alleged entity that is prepared to foreclose on a mortgage from Moll to MERS to secure payment of a note to Domestic in the amount of $399,200.00 ("Mortgage").

6. Federal National Mortgage Association ("FNMA") is a National Association with a mailing address of 1900 Market Street, Suite 800, Philadelphia, PA 19103. FNMA allegedly received an assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") It is assumed for this purpose of this action that FNMA claims to own the beneficial interest in the Mortgage although there is currently no proof of that claim.

7. Bank of America, NA ("BOA") is the alleged entity that directs BAC's actions regarding the foreclosure on properties and in particular, this property. BOA has a mailing address of 3064 North Commerce Parkway, Miramar, FL.

8. Countrywide Home Loan Servicing, LP ("Countrywide Servicing") was a limited partnership with an address of 400 Countrywide Way, SV-30M, Simi Valley, CA. Countrywide Servicing was the servicer for the subject loan at some time in the past. It was never in the chain of title.

### Jurisdiction

9. The amount in controversy is sufficient to invoke the jurisdiction of this Court.

10. The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

11. All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

12. This Court has subjected matter jurisdiction over the matters in this complaint pursuant to the following statutes:

   a. The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant the Superior Court jurisdiction over questions of law and equity. The Plaintiff is asking this Court, inter alia, to restrain the certain defendants from foreclosing on the subject property.

   b. The provisions of the Declaratory Judgment Act, R.I.G.L. §9-30-1 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, power of attorneys, and deed. Plaintiff asks that

the foreclosure deed, the alleged assignments, and power of attorney, or lack thereof, and mortgage deed be declared invalid.

## Facts

13. On February 28, 2008 Moll executed a Mortgage and Promissory note (the "Note") related to the Property in the amount of $399,2000. Domestic was named as the Lender in the Mortgage and Note.

14. Moll made 1 mortgage payment to Domestic.

15. Moll than began to make mortgage payments to Countrywide.

16. Moll made at least three (3) payments to Countrywide.

17. Moll than began making payments to BAC.

18. MERS never held the note nor did it hold legal title to the mortgage.

19. RI is a Title Theory State regarding real estate conveyancing.

20. The only Lender named on the Note is Domestic.

21. Countrywide never appeared in the chain of title to Moll's property.

22. Credit Northeast never appeared in the chain of title to Moll's property.

23. On or about September 8, 2010, MERS attempted to assign the mortgage to FNMA. (the "Assignment")

24. Allison West Dalton, an attorney at Harmon Law Offices, a Massachusetts Law Firm which has also been engaged to foreclose on the subject property, signed an alleged assignment as follows:

"IN WITNESS WHEREOF, the said Mortgage Electronic Registration Systems, Inc., has caused its corporate seal to be hereto affixed and these presents to be signed, in its name and behalf this 16 day of June, 2010.

Mortgage Electronic Registration Systems, Inc.

By: _____
Allison West Dalton, Assistant Secretary and Vice President*

*For signatory authority see Corporate Resolution recorded with the Records of Land Evidence in the City of Cranston on January 20, 2010 at 12:14 pm at Book 4158, Page 319.

The Commonwealth of Massachusetts

Middlesex, ss                                                                                          June 16, 2010

On this 16 day of June 2010, before me, the undersigned notary public, personally appeared Allison Dalton West, proved to me through satisfactory evidence of identification, which were personal knowledge, to be the person whole name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose.

Capacity: (as Assistant Secretary and Vice President*
for Mortgage Electronic Registration Systems, Inc.)

_____(Affix Seal)
Notary Signature

My Commission Expires: _____

25. Allison Dalton West is an attorney licensed as such by the Massachusetts Board of Bar Overseers of the Supreme Judicial Court. She was admitted to the bar on 12/20/96 and her current status is active.

26. Allison Dalton West is not an Assistant Secretary and Vice President of MERS.

27. Allison Dalton West's signature as an Assistant Secretary and Vice President of MERS is a legal nullity which is nothing more than a legal contrivance used by MERS, Harmon Law, BAC, BOA and FNMA to effectuate mass foreclosure sales in violation of Rhode Island Statutory Law.

28. The alleged "Corporate Resolution" of MERS referred to in the aforesaid assignment, is not a Corporate Resolution.

29. Paragraph 1 of the alleged Corporate Resolution identifies all of the persons on the "attached list" as employees of Harmon Law. (Admission by MERS)

30. Paragraph 2 of the alleged Corporate Resolution states as follows:

"Execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the MEMBER, including but not limited to:

31. An assignment is not necessary to foreclose under Rhode Island Law, therefore, this "alleged Resolution" does not authorize the Assignment of the Mortgage at issue in this case.

32. The Property does not secure the mortgage in this case or in any case. A mortgage secures a note and not vice versa.

33. Thus, this corporate resolution is clear on its face that the actions taken by Allison Dalton West are not within the scope of said alleged Corporate Resolution.

34. The alleged Corporate Resolution allegedly authorizes impossible and unnecessary acts and said acts should be declared invalid.

35. The alleged resolution authorizes:

    (a) substitution of trustee on Deeds of Trust.

36. This does not apply to Rhode Island because Rhode Island is a title theory state and does not use Deeds of Trust in Mortgage transactions.

37. The alleged resolution authorizes:

    (b) Trustee's Deeds upon sale on behalf of MERS.

38. This does not apply to Rhode Island because Rhode Island is a title theory state and does not use Deeds of Trust in Mortgage transactions.

39. (c) Affidavits of non-military service.

40. This is evidence that this alleged resolution was allegedly crafted for a Lien Theory State where non-military affidavits are required as a prerequisite to a judicial foreclosure. This document is not required to foreclose in RI.

41. (d) Affidavit of Judgment. This further proves that this does not related to RI because there is no such document in RI related to foreclosures called an Affidavit of Judgment.

42. (e) Affidavit of Debt. This further proves that this does not relate to RI because there is no such document in RI related to foreclosures called an Affidavit of Judgment.

43. (f)(g) and (h) are related to a claims process so they have no impact on the case at bar.

44. Paragraph 3 states as follows:

    "Assign the lien of any mortgage loan registered on the MERS System that is shown to be registered to **BAC Home Loans Servicing, LP**, or its designee."

45. The operative document in this matter is clearly entitled "ASSIGNMENT OF MORTGAGE." The alleged resolution, allows for the Assign[ment] of the lien of mortgage. These are not the same thing.

46. Given the plain language in the alleged resolution, nowhere in the alleged resolution is an "ASSIGNMENT OF MORTGAGE" authorized. Any confusion or limitation regarding what the alleged "candidates" of MERS can or cannot do, must be construed against the drafter of the document, which in this case is MERS.

47. The alleged assignment is Void as a matter of law under RIGL §34-11-1 because it is not duly signed by an authorized party.

48. FNMA does not have any legal interest in the Moll Mortgage.

49. Neither FNMA or its alleged servicer, BAC may foreclose based upon all of the foregoing.

50. William C. Hultman's attestation that "the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of MERS effective as of the 2nd day of November, 2009, which is in full force and effect on this date and does not conflict with the Certificate of the Incorporation or By-Laws of said corporation" is misleading and unclear as to when the alleged resolution was adopted, if ever, by MERS.

51. At best, the alleged resolution was effective on the 2nd day of November 2009. He goes on to state that it is in full force and effect on this date, but there is not date by which to measure this second reference. There is no proof at all that this alleged resolution was in effect on September 8, 2010. It is as likely that it was not as that it was.

52. From the four corners of the alleged corporate resolution, there is no way of knowing if it was in effect on September 8, 2010.

53. The page containing the Certifying Officers reads as follows:

<u>**Harmon Law Offices, PC**</u>
(for BAC Home Loan Servicing, LP#1000157)

<u>**Mortgage Electronic Registration Systems, Inc.**</u>
<u>**Certifying Officers**</u>
(effective 11/2/09)

Mark P. Harmon

Andrew S. Harmon

Thomas J. Walsh

Francis J. Nolan

Allison West Dalton

Lori A. Bodluc

Richard T. Mulligan

Michelle C. Kern

54. All of the above named individuals, but for Michelle C. Kern, are all members of the Massachusetts Bar and are all employees of Harmon Law. They are all covered by Malpractice Insurance.

55. The second page of the document states that it is effective on 11/2/09.

56. From a reading of the four corners of this document, it is clear that there is nothing to indicate that it was effective on the date the assignment was signed. (9/8/10).

57. The second page of the document seems to indicate that Harmon is acting for BAC or FNMA and not MERS. This lack of clarity renders the document void.

58. In the Mortgage, MERS was only the nominee for Domestic, not BAC.

59. MERS could not act for BAC relative to this mortgage.

60. Moll did not receive notice of the foreclosure by certified mail as required by RIGL §34-11-1. Moll notified BAC Home Loans that all notices pertaining to said property were to be mailed to his home address at 13 Penny Lane, Cranston, RI 02921 because the subject property was under construction.

61. On or about the 18th day of August, 2010, 21 days before the MERS assignment to FNMA, FNMA noticed the foreclosure on the property. FNMA noticed the foreclosure before it was in the chain of title to the real estate.

62. Moll has never been advised who the holder of the original note related to this mortgage is.

63. On March 2, 2010 Moll requested from Harmon Law information regarding who held the note and mortgage on the Property.

64. This letter was never responded to and the information was never provided.

65. Beginning in December of 2009, Moll made four (4) offers (certified mail) and one (1) by regular mail to BAC or its counsel to submit this property to short sale.

66. No response to any of these was ever had.

67. The last offer of short sale was made by certified mail to Harmon Law and it was never responded to by Harmon, BAC or FNMA.

68. Counsel for Moll provided to BAC a Notice of Bad Faith on April 8, 2010.

69. On or about October 8, 2010, BAC instituted a well publicized mortgage foreclosure moratorium in all non-judicial foreclosure states. Rhode Island was one of those states.

70. Subsequent to that date, many BAC foreclosures were cancelled.

71. There has never been a public announcement that the moratorium was over.

72. Despite the notice of moratorium, BAC noticed Moll's foreclosure via a letter to his attorney.

73. Moll never received certified mail from BAC regarding the sale.

73. Moll communicated with Harmon law regarding the moratorium and the foreclosure sale that was set for December 1, 2010.

74. Moll was told that BAC had not yet cancelled December 2010 foreclosures but that it would be doing so before the end of November.

75. As of even date, the sale has not been cancelled

76. MERS never held a beneficial interest in the property.

77. MERS was never the holder of the subject promissory note.

78. MERS cannot enforce the promissory note if it was not a holder of the promissory note.

79. MERS does not have capacity to hold a mortgage.

80. The Mortgage, at page 1, defines the Lender as Domestic.

81. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by Moll

82. At Paragraph 22 of the Mortgage, entitled "Acceleration; Remedies", it states that "**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys' fees and costs of title evidence.**

    **If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law, Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expense of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**" (emphasis added)

83. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

84. The Lender never invoked the statutory power of sale in this matter.

85. The Lender never mailed a notice of sale to the Borrower.

86. The Lender never published the notice of sale.

87. MERS, BAC, BOA, and or FNMA which were not the Lender, wrongly published the notice of sale without contractual or statutory authority.

88. The actions taken by MERS or its alleged assignees are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

89. Neither BAC, BOA or FNMA, which are not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

90. Neither BAC, BOA or FNMA, which are not the Lender, wrongly and without contractual or statutory authority ran foreclosure advertisements.

91. The actions taken by MERS, BAC and FNMA are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

92. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

93. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

94. MERS, BAC and FNMA do not have standing under RI Law to foreclose.

95. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

96. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

97. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

98. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

99. The note is current or has been satisfied by Plaintiff or another third party.

100. The note has never been delivered to or negotiated to either BAC, BOA or FNMA.

## COUNT I
## Declaratory Judgment

101. The Plaintiff herein reincorporates paragraphs 1-100 as if they are fully articulated herein.

102. By virtue of these facts and the legal consequences thereof, the foreclosure scheduled for December 1, 2010 is brought upon invalid and flawed documents and fails to satisfy the statutory requirements of RIGL §34-11-22 and RIGL§ 34-27-4.

103. By virtue of these facts and the legal consequences thereof, none of these Defendants have standing to foreclose.

**WHEREFORE**, Moll prays this Court to issue an order, pursuant to the Uniform Declaratory Judgment Act, as follows:

a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
b. That the Court finds that Plaintiff owns the property as a matter of law.
c. That the December 1, 2010 pending foreclosure be declared unlawful
d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate..
f. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
g. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
h. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Robert Moll,
By his attorney

George E. Babcock, Esq. (#3747)
123 Acorn Street, Suite 202
Providence, RI 02903
(401)274-1905

## COUNT II
## Quieting Title
## Rhode Island General Law §34-16-5

104. The Plaintiff herein reincorporates paragraphs 1-103 as if they are articulated herein.

105. The real estate at issue is a residential property located at 70 Surrey Drive, Cranston, RI.

106. MERS or its successors claim to have the right to foreclose on the property. The address of MERS is set forth hereinabove.

107. Plaintiff purchased the property on February 28, 2008.

108. BOA, BAC and or FNMA all claim to have a right in the title to the property by way of a mortgage and mortgage assignment, both of which have been identified earlier herein.

109. None of the aforesaid has any interest in the title to the aforesaid property and any claim made thereby is frivoluous and made in bad faith.

**WHEREFORE**, Plaintiff prays for the following relief:
   a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.
   b. That the Court finds that Plaintiff owns the property as a matter of law.
   c. That the Court order any foreclosure said cancelled
   d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
   e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Robert E. Moll
By his Attorney

George E. Babcock, Esq. (#3747)
23 Acorn Street, Suite 202
Providence, RI 02903
(401)274-1905

## COUNT III
### Negligent Misrepresentation

110. The Plaintiff herein reincorporates paragraphs 1-109 as if they are articulated herein.

111. MERS, BAC, BOA, and FNMA had a duty to act with reasonable care in obtaining and communicating information which plaintiff alleges to be false.

112. A breach of that duty constitutes negligence.

113. Specifically, MERS, BAC, BOA, and FNMA intentionally misled Moll as to the identity of the foreclosing entity and as to who held the mortgage and the note.

114. MERS by its very nature intentionally conceals who is the actual owner of the note and who it purports to act for relative to the mortgage.

115. MERS failed to record in the Cranston Land Evidence Records transfer of Domestic's interest in the property to Countrywide, BAC, BOA, or FNMA.

116. BAC, BOA, and FNMA issued a press release announcing a moratorium on foreclosure sales in non-judicial foreclosure states.

117. Said moratorium is a lie as BAC, BOA, and FNMA commenced foreclosure proceedings during the pendency of the moratorium.

118. Domestic had a duty to act with reasonable care in obtaining and communicating information which plaintiff alleges to be false.

119. Domestic executed a fraudulent assignment to MERS whereby the assignment states that the mortgage and note were transferred to MERS. No such transfer occurred.

120. MERS had a duty to act with reasonable care in obtaining and communicating information which plaintiff alleges to be false.

121. MERS accepted and recorded an assignment in the City of Cranston Land Evidence Records misrepresenting its ownership of the mortgage and the note.

122. According to its own by-laws MERS never is a holder of the mortgage.

123. MERS, BOA, BAC, and FNMA each knew or should have known that the respective statements were false.

124. MERS, BOA, BAC, and FNMA failed to exercise reasonable care in obtaining and/or communicating the statements in question.

125. In fact MERS, BOA, BAC, and FNMA used the media to bolster their lies.

126. Moll's reliance on Defendants' statements was reasonable under the circumstances.

127. Moll suffered financial harm that was a proximate result of the representation/information as Defendants used the information to foreclose on the premises and coerce various tenants to move out or withhold rent.

**WHEREFORE**, Plaintiff prays for the following relief:
 a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.
 b. That the Court finds that Plaintiff owns the property as a matter of law.
 c. That the Court order any foreclosure sale voided.
 d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
 e. Damages for the value of the subject premises.
 f. Damages for loss of rental income.
 g. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Robert E. Moll
By their Attorney,

_____
George E. Babcock, Esq. (#3747)
23 Acorn Street, Suite 202
Providence, RI 02903
(401)274-1905

## COUNT IV
### Negligence: Short Sale

128. The Plaintiff herein reincorporates paragraphs 1-127 as if they are articulated herein.

129. BAC, BOA, and FNMA owed a duty of care to Moll to act in good faith in considering short sale or other workout options. More specifically, that duty was to fairly and honestly evaluate his application for a short sale.

130. BAC, BOA, and FNMA failed to exercise reasonable care in failing to timely evaluate the application, losing requested documents, and failing to reasonable evaluate the application.

131. BAC, BOA, and FNMA acted in bad faith in failing to timely communicate rejection of Moll's modification application.

132. BAC, BOA, and FNMA sent the request to Harmon to start foreclosure proceedings prior to notifying Moll that his short sale application was denied. Such action is a breach of BAC, BOA, and FNMA's duty to Moll.

133. Moll suffered financial harm that was a proximate result of the negligence as Defendants delayed notification of denial of the modification until foreclosure was imminent.

Robert E. Moll
By his Attorney,

George E. Babcock, Esq. (#3747)
23 Acorn Street, Suite 202
Providence, RI 02903
(401)274-1905

## REQUEST FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

134. The Plaintiff hereby realleges and reincorporates paragraphs 1 – 133 as if they were fully articulated herein.

135. The Plaintiff hereby prays this Honorable Court to Order cancelled the foreclosure on the property currently set for December 1, 2010.

136. If the relief sought is not granted, due to the unique nature of the property, the Plaintiff will be irreparably harmed.

137. The Plaintiff does not have an adequate remedy at law.

138. The Plaintiff has a strong likelihood of success on the merits insofar as he is can show that FNMA has no standing to foreclose and that he was not dealt fairly with regard to an application for short sale.

139. The Equities of this matter clearly favor the Plaintiff.

140. The entire lending industry, by common knowledge, comes to this court with unclean hands.

141. Lending practices such as those employed by Domestic, Countrywide, BAC, BOA, and FNMA, have lead the United States economy to the brink of collapse. Companies such as this should no longer be able to feed on the bones of those they feasted greedily upon for so long.

142. MERS CREATES A SHROUD BEHIND WHICH THESE LENDERS WERE ABLE TO OPERATE AND WHICH THEY CONTINUE TO OPERATE TO THE DETRIMENT OF THE REAL ESTATE FORTUNES OF THE UNITED STATES OF AMERICA.

WHEREFORE, The Plaintiff requests the following relief:

a. That the foreclosure sale set for December 1, 2010 be cancelled.

b. That no party involved be allowed to commence another foreclosure until the issues raised herein have been determined by a judge or another trier of fact.

c. Awarding attorney's fees against all defendants named herein.

Robert E. Moll
By his Attorney,

George E. Babcock, Esq. (#3747)
23 Acorn Street, Suite 202
Providence, RI 02903
(401)274-1905

Dated:

**The Plaintiff Demands a Trial by Jury.**

## Verification

I have read the facts set forth above and verify that they are true and accurate to the best of my knowledge.

_____
Robert E. Moll

Sworn and subscribed before me this 29 day of _____, 2010.

_____
Notary Public
Exp.: 10/26/2